EMILY COLLIER *v.* JOSIAH HOLLAND'S ADMR. ET AL.

Costs—Suit for Partition of Lands, Sold under Foreclosure.

In a suit of foreclosure, and an interpleader is allowed, who was successful in obtaining a partition, a judgment of one half the costs against such successful litigant and claimant, is erroneous.

APPEAL FROM CALLOWAY CIRCUIT COURT.

June 4, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

Josiah Holland and George W. Burnett purchased of the trustees of the Laurel County Seminary a quarter section of land at the price of $1,300, for a balance of which, having a lien on the land, a suit was prosecuted by the trustees; Emily Collier claiming

that Burnett, who was her son-in-law, had acted as her agent in making the purchase, and that she was the real co-purchaser with Holland, and had paid part of the purchase money under an arrangement with Burnett and Holland by which she was to pay for and have off of the west end of the tract at least 50 acres, brought her suit against Holland, etc., to be admitted to her share of the land, which was resisted by Holland, who claimed the right to have all the land under the purchase except 40 acres of the west end.

The court rendered a judgment in the two suits, enforcing the vendor's lien for the balance due them, and so apportioning the payments and rights of the parties under the purchase as to give to Mrs. Collier fifty acres of the land, and the widow and heirs of Holland, who had died, the residue, estimating the two parcels of land as of equal value per acre, and treating the suit of Mrs. Collier as an action for partition, the judgment imposed on her one-half the costs, and Holland's representative the other.

To reverse that judgment Mrs. Collier has appealed, and complains, first, that the judgment erroneously requires her to account for the fifty acres of land as of equal value with that adjudged to Holland's heirs, and, second, that she should not have been adjudged to pay part of the costs.

The evidence is conflicting as to the relative value of the two parcels of the land, but we think the weight of evidence is in accordance with the conclusion of the court that the fifty acres adjudged to Mrs. Collier was of equal value per acre with the rest of the tract, and there was no error in making this the basis of adjustment. Nor do we perceive that the court erred in favor of the trustees of the seminary against Mrs. Collier equally with Holland's representatives. But in her own suit against Holland's widow and heirs, in which her claim was resisted, and a somewhat expensive litigation seems to have resulted from the defense which was set up by Holland in his life time, we see no reason why she as the successful party should not have recovered her costs against Holland's representatives, and to that extent the judgment is deemed erroneous and must be reversed, but without affecting the rights of any purchasers of the land under the judgment in favor of said trustees of the Laurel County Seminary.

Wherefore, the judgment as to the costs is reversed, and the

cause remanded for a judgment in conformity to this opinion, but in all other respects the judgment is *affirmed.*

*Gilbert & Johnson, C. D. Smith, for appellant.*

*Stubblefield, for appellee.*